Graves et al. v. Edwards.

MARTHA A. GRAVES et al. v. JAMES D. EDWARDS, Executor.

EXECUTOR AND ADMINISTRATOR: WILL: ISSUE DEVISAVIT VEL NON: PARTIES.—If the Probate Court, at the instance of the legatees, refuse to allow them to be made parties with the executor to an issue *devisavit vel non*, the contestant cannot complain—the error, if any, not being to his prejudice.

APPEAL from the Probate Court of Copiah county. Hon. Jackson Millsops, judge.

The appellants filed their petition in the Probate Court of Copiah county, against the appellee, the executor named in the will of John Edwards, and also against the legatees under the will, seeking for an issue *devisavit vel non*, to try the validity of the will, which had been admitted to probate in that court. The legatees demurred to the petition upon the ground that they were not proper parties, and the court overruled the demurrer and ordered the issue to be made up between the petitioners and the executor. A trial of the issue was had in the Circuit Court, and a verdict was rendered sustaining the will. This verdict having been certified to the Probate Court, the appellants moved for a new trial, which being overruled they appealed.

*King* and *Millsops*, for appellants,
Cited Term R. (N. C.) 278; 1 Ired. (Law) 561; 3 Rand. 407.

*E. G. Peyton*, for appellee,
Cited 12 S. & M. 558; 4 Dev. R. (Law) 440.

FISHER, J., delivered the opinion of the court.

This was an application by the appellants to the Probate Court of Copiah county, for an issue *devisavit vel non*, to be sent for trial to the Circuit Court of said county, whether a certain instrument, which had been admitted to probate *in common form*, was the last will and testament of one John Edwards, deceased.

The issue having been made up and sent, as prayed, for trial into the Circuit Court, the jury found a verdict upholding the will.

This verdict having been certified to the Probate Court, a motion was made therein for a new trial of the issue in the Circuit Court, which motion being overruled, the petitioners took their bill of exceptions, setting forth the testimony in the cause.

It is only necessary to remark, upon this testimony, that it in the clearest manner sustains the verdict of the jury, and the decree of the Probate Court.

It is, however, said, that the court erred in sustaining a demurrer to the petition, on the ground that the legatees under the will were made parties to the petition, when the executor was the only party required by law. We deem this point wholly immaterial, as the petitioners were the parties complaining, and stood as the parties contesting the will; and whether the legatees were necessary parties or not, they alone can take advantage of the error, if error it be. The issue was made up between the petitioners and the executor; and whether the latter represented the legatees or not, the petitioners' claim could not be supposed to exist in a stronger light against those who were really interested, than against the executor, who was but the trustee for such parties.

Decree affirmed.